# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RONALD HENRY GRIFFIN,**
    **Plaintiff,**

  v.                                                       Case No. 15-CV-1068

**DAVID KOZLOWSKI,**
    **Defendant.**

## DECISION AND ORDER

Plaintiff, Ronald Henry Griffin, a state prisoner at New Lisbon Correctional Institution, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated prior to his arrest. This matter is now before me on plaintiff's motion for leave to proceed in forma pauperis and for screening of plaintiff's complaint.

Plaintiff has been assessed and paid an initial partial filing fee of $7.35. I will grant his motion for leave to proceed in forma pauperis.

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's pro se allegations,

2

"however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

On October 3, 2013, a woman reported to the South Milwaukee Police Department that she had been sexually assaulted by two male subjects on September 30, 2013. Defendant David Kozlowski, a South Milwaukee police officer, somehow obtained a phone number under plaintiff's name in connection with his investigation. Officer Kozlowski "engaged in a controlled one party consent investigatory phone call without obtaining court authorization," and the contents of the intercepted phone call were admitted into evidence at plaintiff's trial on December 8, 2014, in Milwaukee County Case Number 13CF5083. (ECF No. 1).

According to plaintiff, this telephone interception was unlawful and Officer Kozlowski acted outside the scope of his official duties with "bad purpose." Id. Plaintiff believes that Officer Kozlowski should have obtained court approval before making the investigatory phone call and asserts that he had adequate time to do so since the victim did not report the crime until four days after it occurred.

As an initial matter, I note that plaintiff's complaint (a two-page request for "recovery of civil damages") does not utilize the court's form, as required by Civil Local Rule 9(b) (E.D. Wis.). Nor does it contain a request for relief, as required by Federal Rule of Civil Procedure 8(a)(3).[1]

---

[1] A week after filing his complaint, plaintiff submitted a brief in support of the complaint that asks for a money judgment of $35,000, but that brief is not part of plaintiff's complaint. (ECF No. 4).

3

Further, plaintiff does not offer enough information for me to determine whether his Fourth Amendment rights were implicated in the investigatory phone call. He references Wis. Stat. §§ 968.28 - 968.37, which regulate interception of wire, electronic, or oral communications, and pen register and trap and trace devices. However, it is unclear whether the telephone call plaintiff refers to was actually intercepted or recorded or whether Officer Kozlowski was a participant in the call and testified regarding its contents.

If I am able to determine that plaintiff's Fourth Amendment rights are implicated, I then must consider whether I should abstain from exercising jurisdiction under the rule of Younger v. Harris, 401 U.S. 37 (1971). Younger requires federal courts to "abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." FreeEats.com, Inc. v. Indiana, 502 F.3d 590, 595 (7th Cir. 2007); see also Forty One News, Inc. v. Cnty. of Lake, 491 F.3d 662, 665 (7th Cir. 2007). Although "only exceptional circumstances justify a federal court's refusal to decide a case in deference to the States," New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 368 (1989), state criminal proceedings indisputably qualify as "exceptional circumstances" warranting Younger abstention, see Sprint Commc'ns, Inc. v. Jacobs, __ U.S. __, 134 S.Ct. 584, 591, 187 L.Ed.2d 505 (2013).

I have reviewed the dockets for plaintiff's Milwaukee County Court criminal case (2013CF005083) and Wisconsin Court of Appeals case (2015AP001290-CR) on the Wisconsin Circuit Court Access website, www.wcca.wicourts.gov. From those dockets, I have discerned that plaintiff is pursuing postconviction relief and just filed his appeal on September 21, 2015.

4

Despite the pending state court litigation, which may include a challenge to the admissibility of the contents of the investigatory phone call, plaintiff's claims may still be allowed to proceed. Fourth Amendment claims are rarely barred by the principle of Heck v. Humphrey, 512 U.S. 477, 487 (1994), which precludes a person who has been convicted of a crime from seeking damages or other relief under federal law if "a judgment in favor of the plaintiff [in the civil suit] woudl necessarily imply the invalidity of his conviction or sentence." See Hill v. Murphy, 785 F.3d 242, 244-45 (7 Cir. 2015); Copus v. City of Edgerton, 151 F.3d 646, 648 (7th Cir. 1998) ("Fourth Amendment claims for unlawful searches or arrests do not necessarily imply a conviction is invalid, so in all cases these claims can go forward.").

If plaintiff wants to proceed, he must file an amended complaint with more details describing the call, who made it, whether it was recorded, and how the contents were entered into evidence at plaintiff's trial. After reviewing that additional information, I will be able to determine whether plaintiff's Fourth Amendment rights were implicated by the investigatory call and whether I must abstain under Younger. He must file an amended complaint on or before **Friday, October 30, 2015**. If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A. Failure to file an amended complaint within this time period may result in dismissal of this action.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In Duda, the appellate court emphasized that in such

5

instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" Id. at 1057 (citation omitted).

**THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **Friday, October 30, 2015**, plaintiff shall file an amended pleading curing the defects in the original complaint as described herein. The Clerk of Court shall provide plaintiff with a copy of the court's § 1983 prisoner complaint form.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $342.65 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

6

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dated at Milwaukee, Wisconsin, this 30th day of September, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge