# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

RONALD HENRY GRIFFIN,

                         **Plaintiff,**

v.                                              **Case No. 15-cv-1068**

DAVID KOZLOWSKI,

                         **Defendant.**

_____

## DECISION AND ORDER

On September 30, 2015, I ordered Ronald Griffin to file an amended complaint curing several deficiencies identified in the original complaint. (ECF No. 8). Plaintiff filed an amended complaint on October 29, 2015 which is now before me for screening pursuant to 28 U.S.C. §1915A. (ECF No. 9).

In the original complaint, plaintiff alleged that defendant "engaged in a controlled one party consent investigatory phone call without obtaining court authority" in violation of state criminal procedure described in Wis. Stat. §§ 968.28-968.37. (ECF No. 1). However, plaintiff did not provide enough information to determine whether his federal rights were implicated under 42 U.S.C. §1983. *See Id.* As a result, I asked plaintiff to file an amended complaint with more details describing the call, who made it, whether it was recorded, and how the contents were entered into evidence at trial. (ECF No. 8 at 5).

Plaintiff's amended complaint still omits several pieces of key information needed to determine whether he has stated federal claims. Plaintiff's amended complaint alleges that sometime around November 3, 2013, an "investigatory phone call" occurred, the content of which was entered into evidence against him in his criminal

sexual assault case. (ECF No. 9). Ricky Taylor, plaintiff's co-defendant in the criminal sexual assault case, was "on the receiving end of an investigatory phone call." *Id.* However, it is not clear from the amended complaint who Taylor spoke with during the unlawful "investigatory phone call." *Id.*

Plaintiff alleges that: (1) Milwaukee County Police Officer David Kozlowski "engaged" in the investigatory phone call; (2) the sexual assault victim, Tracey Flores, "gave officer Kozlowski consent to engage in the investigatory phone call;" and (3) the investigatory phone call occurred on plaintiff's cell phone. *Id.* at 2. Thus, it is not clear whether Kozlowski participated in the phone call with Taylor and recorded it, whether Kozlowski eavesdropped on a phone call between Taylor and Flores, or whether Kozlowski eavesdropped on a phone call between Taylor and plaintiff. Plaintiff also provides no details about what was said during the call. Thus, I am unable to determine who actually participated in the "investigatory phone call."

Plaintiff must provide information on what each individual's role was in the "investigatory phone call" before I can determine whether he has stated a Fourth Amendment claim, a federal wiretapping claim under 18 U.S.C. § 2515, and/or a supplemental state wiretapping claim under Wis. Stat. § 968.31(2m). Therefore, on or before **March 30, 2016**, plaintiff must submit a second amended complaint curing the deficiencies described above.

The plaintiff is advised that the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." The second amended complaint supersedes the prior complaints and must be complete in itself without reference to the original complaint or the amended complaint. *See Duda*

2

*v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). The "prior pleading[s] [are] in effect withdrawn as to all matters not restated in the [second] amended pleading[.]" *Id.* at 1057 (citation omitted).

**IT IS THEREFORE ORDERED** that on or before **March 30, 2016** the plaintiff shall file an amended pleading curing the defects described herein.

Dated at Milwaukee, Wisconsin, this 1st day of March, 2016.

s/ Lynn Adelman

_____
LYNN ADLEMAN
District Judge

3