## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

RONALD HENRY GRIFFIN,

        Plaintiff,

        v.                             **Case No. 15-CV-1068**

DAVID KOZLOWSKI,
        Defendant.

## DECISION AND ORDER

On March 1, 2016, I ordered Ronald Griffin to file a second amended complaint curing several deficiencies identified in the original complaint. (ECF No. 10). Specifically, I asked plaintiff to identify the individuals who actually participated in the "investigatory phone call" that gave rise to this lawsuit in order to determine whether he stated federal claims over which I have jurisdiction. Plaintiff filed a second amended complaint on March 17, 2016 which is before me for screening under 28 U.S.C. §1915A. (ECF No. 11).

To bring a cause of action under the federal wiretapping law, plaintiff must allege that his own wire, oral or electronic communications were intercepted, disclosed or intentionally used in violation of the provisions of the law. 18 U.S.C. §2520(a). To determine whether someone violated the federal wiretapping law, I must know (a) who did the recording, (b) whose communications were recorded, (c) whether the individuals knew they were being recorded, (d) whether they consented to being recorded, and (e) whether there was a court order authorizing the recording. *Id.*

Plaintiff alleges that police officer Kozlowski recorded a communication between Tracy Flores, the victim, and Ricky Taylor, his co-defendant in a criminal sexual assault case. Flores consented to the recording but Taylor did not. The recording was created without a court order, and was used against plaintiff in his criminal sexual assault case. Plaintiff himself was not recorded.

Plaintiff may not proceed with this action because he failed to allege that *his own* wire, oral, or electronic communications were intercepted. Plaintiff cannot bring an action under the federal wiretapping law based on wiretapping of someone other than himself. 18 U.S.C. §2520(a) ("any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover…such relief as may be appropriate."). Indeed, he must allege that his own communications were intercepted and used against him. *Id.*

The Fourth Amendment similarly protects an individual's right to privacy. *See Katz v. United States,* 389 U.S. 347, 350-51 (1967). Plaintiff cannot state a Fourth Amendment claim based on police interactions with a third party that he was not a part of. *See id.* Therefore, plaintiff has failed to state a federal claim under either 18 U.S.C. §2520(a) or the Fourth Amendment.

Lastly, federal courts are courts of limited jurisdiction. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). They have original jurisdiction where the controversy exists between citizens of different states, or where the controversy implicates a federal question. 28 U.S.C. §§1331-1332(a)(1). Federal courts may assert supplemental jurisdiction where plaintiff's state claims are so related to claims within the court's original jurisdiction that they form part of the same case or controversy. 28

2

U.S.C. §1367(a). Because plaintiff failed to allege federal claims, I cannot assert supplemental jurisdiction over his state law claims. For these reasons, I must dismiss this action for failure to state a claim.

## ORDER

**IT IS ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS ALSO ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS ALSO ORDERED** that the Clerk of Court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bona fide arguments supporting his appeal.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment

3

under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin, this 6th day of April, 2016.

s/ Lynn Adelman

LYNN ADLEMAN
District Judge

4